WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ascension Arizona dba Carondelet St. Joseph's Hospital,<br><br>Plaintiff,<br><br>v.<br><br>Amerisure Insurance Company, a Michigan company; Careworks Managed Care Services, Inc., a Delaware corporation; and Does I–X; Black and White Corporations I–X,<br><br>Defendants. | No. CV-21-0434-TUC-JAS (BGM)<br><br>**ORDER** |

Currently pending before the Court is Defendants' Motion for More Definite Statement (Doc. 24). The motion has been fully briefed, and in its discretion, the Court finds this case suitable for decision without oral argument. *See* LRCiv. 7.2(f). The Parties have adequately presented the facts and legal arguments in their briefs and supporting documents, and the decisional process would not be significantly aided by oral argument.

**I.      Background/Complaint**

On October 25, 2021, Defendants removed this cause of action from the Pima County Superior Court. *See* Not. of Removal (Doc. 1). On November 16, 2021, Plaintiff filed its First Amended Complaint ("FAC") (Doc. 19). Plaintiff's Amended Complaint consists of nine (9) sections. The first section identifies the parties, outlines the

jurisdictional allegations, and propriety of venue. FAC (Doc. 19) at ¶¶ 1–11. The second section delineates general factual allegations regarding the relationship between the parties and the occurrences which gave rise to the instant action. *Id.* at ¶¶ 12–45. The third section outlines the applicable law. *Id.* at ¶¶ 46–53. The fourth section is entitled "Underpayments" in which Plaintiff alleges that Defendants were liable for the Usual, Customary, and Reasonable ("UCR") rate for services, but "grossly underpaid claims relative to the true UCR rates." *Id.* at ¶¶ 54–59. The fifth section, Claim One, alleges a breach of implied-in-fact contract claim as to all Defendants. *Id.* at ¶¶ 60–70. Claim Two, the sixth section, alleges an unjust enrichment claim as to Defendant Amerisure. FAC at ¶¶ 71–77. Claim Three, the seventh section, alleges an unjust enrichment claim as to Defendant CareWorks. *Id.* at ¶¶ 78–84. Section eight, Claim Four, alleges promissory estoppel as to Defendant Amerisure. *Id.* at ¶¶ 85–90. The final section is Plaintiff's prayer for relief, seeking "damages according to proof plus interest as provided by law;" recovery under quantum meruit, unjust enrichment, and promissory estoppel theories; costs, expenses, and reasonable attorneys' fees; and "other and further relief as the Court deems just and proper." *Id.* at 17.

**II.    Analysis**

Defendants urge that "the Amended Complaint fails to plead with any clarity how each Defendant, individually, is involved in or responsible for the alleged underpayments." Defs.' Mot. for More Definite Stmt. (Doc. 24) at 3. Defendants allege that Plaintiff's FAC is so deficient that they are unable to frame a responsive pleading. *See id.* Plaintiff observes that "Defendants' Motion appears to conflate the standards between Rule 12(b)(6) and Rule 12(e), Fed. R. Civ. P." Pl.'s Response (Doc. 25) at 1. The Court agrees with Plaintiff and will deny Defendants' motion.

At the pleading stage, all that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief[,] and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(2)–

(3). "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "Rule 12(e) is designed to strike at unintelligibility rather than want of detail." *Resolution Trust Corp. v. Dean*, 854 F. Supp. 626, 649 (D. Ariz. 1994) (citations omitted). "A motion under Rule 12(e) should not be used to test an opponent's case by requiring them to allege certain facts or retreat from their allegations." *Id.* (citations omitted). "Rule 12(e) motions are viewed with disfavor and are rarely granted." *Adobe Systems, Inc. v. A & S Electronics, Inc.*, 153 F. Supp. 3d 1136, 1147 (N.D. Cal. 2015) (quotations and citations omitted). Furthermore, "courts have much discretion to grant or deny motions for more definite statements as may be appropriate in the particular case." *Renfrow v. BDP Innovative Chemicals, Co.*, 2015 WL 13036933 (D. Ariz. May 20, 2015) (quotations and citations omitted).

Defendants' primary objection is that the complaint fails to identify which defendant(s) is engaging in the alleged conduct. Plaintiff is not necessarily privy to how Defendants have structured their relationship to one another. The Court finds discovery is the appropriate means for such clarification. Regarding potentially inconsistent claims, Rule 8 specifically provides that "[a] party may state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3). The Court finds Plaintiff has adequately pled its complaint.

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion for More Definite Statement (Doc. 24) is DENIED.

Dated this 26th day of September, 2022.

Honorable Bruce G. Macdonald
United States Magistrate Judge