WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ascension Arizona dba Carondelet St. Joseph's Hospital,<br><br>Plaintiff,<br><br>v.<br><br>Amerisure Insurance Company, a Michigan company; Careworks Managed Care Services, Inc., a Delaware corporation; and Does I–X; Black and White Corporations I–X,<br><br>Defendants. | No. CV-21-0434-TUC-JAS (BGM)<br><br>**REPORT AND RECOMMENDATION** |

Currently pending before the Court is Plaintiff's Motion to Remand Case to State Court (Doc. 27). Defendant initially failed to respond; however, the Court directed additionally briefing to address Plaintiff's contention that the Court lacks jurisdiction following a reduction in the value of its claim. *See* Order 6/7/2022 (Doc. 30). The parties filed the requested briefs, and the matter is ripe for adjudication.

As an initial matter, the Court observes that Defendants misinterpret the appropriate response time. The Ninth Circuit requires a magistrate judge to issue a report and recommendation on motions to remand. *Flam v. Flam*, 799 F.3d 1043, 1047 (9th Cir. 2015). This is "[b]ecause a 20 U.S.C. § 1447(c) remand order is dispositive of all federal proceedings in a case, [and] . . . is properly characterized as a dispositive motion under 28 U.S.C. § 636(b)(1)(A)." *Id.* Contrary to Defendants opinion, a dispositive motion does

not automatically convert the response time to thirty (30) days.  Local Rule 7.2(c)[1] provides:

> **Responsive Memorandum.** The opposing party shall, unless otherwise ordered by the Court and **except as otherwise provided by Rule 56 of the Federal Rules of Civil Procedure, and Rules 12.1 and 56.1, Local Rules of Civil Procedure**, have fourteen (14) days after service in a civil or criminal case within which to serve and file a responsive memorandum.

LRCiv. 7.2(c) (emphasis added in body of text).  Local Rule 12.1 governs motions to dismiss pursuant to Rule 12, Federal Rules of Civil Procedure, and Local Rule 56.1 governs motions for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure. LRCiv. 12.1, 56.1.  Motions for remand do not fall into either of these categories.  As such, Defendants' response to Plaintiff's motion was due fourteen (14) days after service.  The Court excused this failure by requesting additional briefing.

Defendants' responsive brief, however, fails to address the primary issue that concerned the Court—whether it retains jurisdiction even if "the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount[.]"  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292, 58 S. Ct. 586, 592, 82 L. Ed. 845 (1938).  Defendants clearly believe that they can stipulate to remand.  *See* Defs.' Response (Doc. 33) at 10.

Plaintiff highlighted the statutory change which calls into question the portion of *St. Paul* that requires this Court to retain jurisdiction despite a reduction in the amount-in-controversy.  *See* Pl.'s Brief Re: *St. Paul Mercury Indemnity Co.* Decision (Doc. 34).  At the time of the *St. Paul Mercury* decision, 28 U.S.C. § 1447(c) "took only a backward look at the jurisdictional facts as of the date of removal."  *Bailey v. Wal-Mart Stores, Inc.*, 981 F. Supp. 1415, 1416 (N.D. Ala. 1997).  Subsequent amendments to § 1447 suggest "that Congress intended to create in a federal court control over what changes it will allow in plaintiff's contentions after removal and in what parties he can add, while recognizing that

---

[1] The Local Rules of Civil Procedure ("LRCiv."), Rules of Practice of the U.S. District Court for the District of Arizona, are available on the Court's public website, http://www.azd.uscourts.gov/.

- 2 -

if such changes result in a loss of subject matter jurisdiction, no discretion remains in the federal court to retain jurisdiction and that remand becomes automatic[,] [t]he fact that the case was properly removed in the first place becomes irrelevant." *Id.* at 1416–17. Plaintiff asserts that "[t]he amount in controversy was and has always been **up to and including $52,096.28**, even after the amendment of Plaintiff's Complaint which added a defendant but **did not** change the amount in controversy." Pl.'s Response (Doc. 34) at 3 (emphasis in original).

"To justify dismissal, '[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997) (quoting *St. Paul Mercury*, 303 U.S. at 289, 58 S. Ct. at 590). In a diversity case, federal courts "look to state law to determine the nature and extent of the right to be enforced." *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 352–53, 81 S. Ct. 1570, 1573, 6 L. Ed.2d 890 (1961). The Ninth Circuit Court of Appeals has "defined the amount in controversy as the amount at stake in the underlying litigation, . . . includ[ing] any result of the litigation, excluding interests and costs, that entail[s] a payment by the defendant." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016) (quotations and citations omitted) (last alteration in original). "This amount includes, *inter alia*, damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes." *Id.* at 648–49 (citations omitted).

Here, despite Plaintiff's assertions, it is not clear that the ceiling for recovery is $52,096.28. Because Plaintiff's First Amended Complaint (Doc. 19) alleges damages arising from the breach of an implied-in-fact contract, it is entitled to reasonable attorney's fees if it prevails. *See* A.R.S. § 12-341.01(A). This recovery is part of the jurisdictional amount in controversy. Accordingly, the Magistrate Judge **RECOMMENDS** that the District Judge enter an order **DENYING** Plaintiff's Motion to Remand Case to State Court (Doc. 27).

Pursuant to 28 U.S.C. § 636(b) and Rule 72(b)(2) of the Federal Rules of Civil

Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). No replies shall be filed unless leave is granted from the District Court. If objections are filed, the parties should use the following case number: **CV-21-0434-TUC-JAS**.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may result in waiver of the right of review. The Clerk of the Court shall send a copy of this Report and Recommendation to all parties.

Dated this 26th day of September, 2022.

Honorable Bruce G. Macdonald
United States Magistrate Judge